# Aiken v. Commonwealth.

Nov. 3, 1944.

505

Noel Harper and W. D. Gilliam for appellant.

Eldon S. Dummit, Attorney General, M. J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellant shot and killed Earl Lane in an encounter with pistols during which Lane, according to appellant's testimony, fired the first shots, one of which wounded appellant's wife, and another, the appellant. Lane, so he himself boasted, had previously killed two men and served a penitentiary sentence for wounding another; and, according to the testimony of a deputy sheriff, had, in effect, stated his intention of killing appellant. Notwithstanding these facts, and Lane's unsavory reputation, the jury convicted appellant of voluntary manslaughter and inflicted a penalty of fifteen years imprisonment. On this appeal he contends that the Court admitted incompetent and grossly prejudicial evidence and erroneously excluded a deposition taken in his behalf.

The homicide occurred on a Tuesday night at a roadhouse owned by one Levi Borders and operated by Lester Peddigo, and had its inception in a quarrel between Lane and appellant which took place the preceding Sunday night at a roadhouse owned and operated by appellant. The next day (Monday) appellant sought the advice of the deputy sheriff above referred to and was advised by him to swear out a peace warrant for Lane. On Tuesday, however, appellant claims that he met Lane and that they agreed to forego their quarrel and never mention it again. In any event, appellant made no effort thereafter to avoid Lane, and on Tuesday night, accompanied by his wife and a young lady who was visiting his home, went to several places, including Border's, where

Lane's presence might have been anticipated. On the other hand, the Commonwealth contends that appellant was, in fact, seeking the encounter, and that the jury might well have disbelieved his excuse for being armed. While the weight of the evidence tended to support appellant's testimony that Lane's attack upon him was unprovoked, and that he shot Lane only after his wife had been wounded and it had become apparent that it was necessary to kill Lane in order to avoid being killed, the jury had the right to accept the testimony of Billie Peddigo, the fourteen year old brother of the proprietor of Border's roadhouse, to the effect that appellant's wife reproached Lane for his conduct the preceding Sunday, and that appellant intervened, drew his pistol, and shot Lane after the latter had succeeded in diverting preceding shots by seizing the hand in which appellant held his pistol. According to this witness, Lane drew his pistol with his left hand while he was using his right hand to divert appellant's shots, and that it was only after appellant had fired several times that Lane began shooting. Indeed, it is not contended by appellant that the Commonwealth's evidence was insufficient to support the verdict, and our purpose in reciting the foregoing details is to afford the proper setting for a consideration of appellant's argument that the testimony hereinafter referred to was incompetent and prejudicial.

During the cross-examinations of appellant and his wife, the prosecutor questioned them concerning the operation and ownership of slot machines in appellant's roadhouse, and the selling of whiskey and beer. Appellant contends that the Commonwealth was thus permitted to prove his commission of other and unrelated offenses, whereas, the Commonwealth points out that the quarrel which occurred Sunday night arose over the result of a gamble on one of the gambling machines, and moreover, that no objection to the testimony had been interposed by appellant during his cross-examination, and hence, that the objection to the wife's testimony on the subject came too late. Without inquiring into the competency of this testimony, and conceding that it may have influenced the jury to impose a more severe penalty than it otherwise would have imposed, we are compelled to treat all of the objections thereto as having been waived. Not only on cross-examination, but during his direct examination, appellant had testified freely on these subjects without protest, and Mrs. Lane, the first witness for the

Commonwealth, had been permitted without objection to testify that appellant had operated a slot machine at his roadhouse, and sold whiskey and beer.

The deposition which the Court refused to permit appellant to read was that of the Clerk of the Monroe Circuit Court showing that Lane, on April 16, 1932, had been convicted in that Court of malicious shooting and wounding, and sentenced to three years in the penitentiary. Aside from the question of its competency, since it was proof of a specific criminal act of the deceased, rather than his general reputation, the excluded testimony was in effect merely cumulative, as it had been thoroughly established that the deceased was a dangerous and violent character. Moreover, and conclusively establishing the correctness of the Trial Court's ruling excluding the deposition, is the fact that the Court's permission to take the deposition was neither sought nor given, and it was not shown that the witness' personal attendance could not be procured—in short, the deposition was taken in complete disregard of the provisions of Section 153 of the Criminal Code of Practice which we have many times held to be mandatory.

Such being the state of the record, it is our duty to affirm the judgment, and it is so ordered.